**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

MARIUS WEBB,

      Plaintiff,

      v.

5801 SUNRISE PROPERTIES, LLC. a
Delaware company, and
MICHAEL GORDON,

      Defendants.

_____/

**COMPLAINT**

Plaintiffs, MARIUS WEBB, (herein referred to as "Plaintiff" or "WEBB"), by and through his undersigned attorney, hereby files this Complaint against 5801 SUNRISE PROPERTIES, LLC. ("SUNRISE PROPERTIES") and MICHAEL GORDON ("GORDON"), collectively "Defendants," and say:

**JURISDICTION AND VENUE**

1.      This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida common law.

2.      Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.      Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to

Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.      Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5.      Plaintiff WEBB is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff WEBB was employed by Defendant as a Maintenance Worker in charge of turning over apartments for Defendant. Plaintiff was therefore an employee as defiled by 29 U.S.C. § 203(e).

6.      Defendant SUNRISE PROPERTIES is a limited liability company organized and existing under and by virtue of the laws of Delaware and registered to do business within Florida and with its principal place of business in Lauderhill, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7.      Defendant GORDON, upon information and belief, is a resident of the Southern District of Florida, who owned and operated SUNRISE PROPERTIES and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed. Defendant GORDON acted and acts directly in the interests of SUNRISE PROPERTIES in relation to its employees, and thus, Defendant GORDON was and is an employer within the meaning of Section 3(d) of the FLSA.

8.      Defendants are employers as defined by 29 U.S.C. § 203(d) and (s)(1), in that they has employees engaged in commerce or in the production of goods for commerce or that has

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9.      At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10.     Defendants upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

11.     Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

12.     Plaintiff regularly performed manual labor in refurbishing apartments which were recently vacated for new tenants. This included painting and making repairs.

13.     Plaintiff also worked several hours for which he was not paid at all for his hours worked.

14.     At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

15.     Plaintiff started working for Defendants in July 2014. Between July 2014 and January 2015, Plaintiff was paid $350 every two weeks. During that time, Plaintiff estimates he worked about fifty-five (55) hours per week. Plaintiff should have been paid for time and one

half his regular rate during that period for hours worked in excess of forty (40) during each work week.

16.     Plaintiff began living in one of Defendant's apartments in September 2014. At that time, rent was $600/month which was improperly deducted from his paycheck. There was nothing in writing, upon information and belief, which permits Defendants from making such a deduction.

17.     Plaintiff was compensated partially for time worked over forty (40) in a work-week, but it is not likely Plaintiff was paid correct overtime since his regular rate of pay was well under the minimum wage.

18.     Plaintiff did not clock in or out of work. However, the Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

19.     The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

20.     Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

21.     Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

**COUNT ONE – VIOLATION OF FLSA / OVERTIME**
**(AGAINST ALL DEFENDANTS)**

22.     Plaintiff re-allege and re-aver paragraphs 1–21 as fully set forth herein.

23.     Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours

worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

24.     Specifically, WEBB worked approximately fifty-five (55) hours during each work week in which he was employed, but was only compensated at his regular rate for those hours up to forty (40) in a given week. Many times, WEBB was not compensated at all for hours worked over 40.

25.     Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither bona fide executive, administrative, or professional employees. Plaintiff performed manual labor tasks and did not have decision-making authority.

26.     Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

27.     By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

28.     As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

29.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MARIUS WEBB demands judgment for:

a)      Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b)      Interest on the amount found due;

c)      Liquidated damages;

d)      A jury trial on all issues so triable;

e)      Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f)      Such other relief as the Court deems just and proper.

## COUNT TWO – FEDERAL MINIMUM WAGE
## (AGAINST ALL DEFENDANTS)

30.      Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1–21 as though the same were fully set forth herein.

31.      During the course of Plaintiff's employment with Defendants, Plaintiff was not compensated at a rate of at least minimum wage. Plaintiff was compensated $350 every two weeks which, even if Plaintiff only worked forty (40) hours in a week (which Plaintiff alleges he worked more than forty hours in a given week) would not cover minimum wage during the relevant time period of July 2014 through January 2015 ($7.93/hour for 2014 and $8.05/hour for 2015).

32.      The Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

33.      As a direct result of Defendants willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff MARIUS WEBB demands judgment for:

a.      Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b.      Interest on the amount found due;

c.      Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d.      A jury trial on all issues so triable;

e.      Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f.      Such other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff MARIUS WEBB hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated:  January 13, 2016.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:     **/s/ Charles Eiss**
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        ceiss@icelawfirm.com
        LINDSAY M. MASSILLON, Esq.
        Fla. Bar #92098
        lmassillon@icelawfirm.com